Avert, J.
The action in the court of common pleas was case, brought by McComb against the town council of Akron. The plaintiff in the action was the owner of a lot in Akron, upon which he had erected a brick house, and had fitted it up for the purpose of merchandizing. He had made his improvements with an express view to the level and grade of Howard street, adjoining which the building stood. After he had made his improvements, the town council caused the ground in front of his building to be excavated, and the street to be sunk several feet, in consequence of which, the value of his house and lot was greatly impaired.
The defendant put in the plea of not guilty, with notices of defense, of acting within their charter, etc.
When the action was first tried, a verdict was returned against McComb, the plaintiff, but the judgment on the verdict was reversed by a judgment of this court, reported in 15 Ohio Rep. 474, and the case remanded to the common pleas for further proceedings. On the trial before the common pleas, after the *230 reversal, the charge of the court was in accordance with the principle established in the case by this court, and the verdict of the jury, and the judgment, were in favor of the plaintiff. After which, the defendant, in its turn, applied to the court to review its judgment, pronounced as above, and found in 15 0. R., when the judges allowed, in behalf of the defendant, the present writ of error. The judgment, it was claimed, had introduced a new doctrine in reference to corporations, opposed to the current of authorities, and of doubtful propriety; and further, it was not the unanimous decision of the court, the late chief judge, Birchard, who was at that time one of the members of the court, having dissented from the opinion of the majority. The judges, upon the application of the defendant, allowed the present writ of error, that an opportunity might be given for a re-examination of the case. Of the errors assigned, that which is deemed to be the principal and important one, grows out of a part of the charge to the jury, which is substantially as follows, to wit: that the town council of Akron would be liable to the extent of the real and substantial injury done to the plaintiff’s property, by its act in leveling the street, although acting within the scope of its authority, without malice and in good faith. If the doctrine established in 15 Ohio Rep. 474, is to stand, then there was no error in the part of the charge above referred to. That doctrine is, that a municipal corporation is liable for an injury resulting to the property of another, by an act strictly within its corporate powers, and without negligence or malice. The court had before determined (7 Ohio Rep. 214, Scovil v. Giddings and others,) that agents of a corporation could not be made liable for acts which were directed by it, if they were authorized by the charter. That was a special action on the case, for an alleged injury, committed by the defendants, acting under an order of the trustees of the town of Cleveland, for grading the streets of the town. They were not shown to have done any unnecessary damage, nor to have violated good faith while acting under the order. The court, by the determination in the case, protected *231 the defendants; holding that officers, acting in good faith, under an authorized order of the town, are not personally liable for injuries done to individuals in such grading. No one can deny the correctness or propriety of that decision. If the town has power to cause the act to be done, and the agents perform it in strict accordance with a legal order, they cannot, of course, be made personally liable. But that determination left the injured party without remedy, unless he could have his action directly against the corporation, and by its name. The case of Rhodes v. The City of Cleveland (10 Ohio Rep. 159), supplied the remedy. That was an action on the case, for cutting ditches and water courses in such a manner as to cause the water to overflow and wash away portions of the plaintiff’s land. The court of common pleas charged the jury that the plaintiff could not sustain his action, unless he showed that the city acted illegally, or, if within its authority, that it acted maliciously. The Court in Bank, however, declared that the corporation was liable to answer in damages for a consequential injury, though not acting beyond its lawful power, and reversed the judgment of the common pleas. The decision in Rhodes v. The City of Cleveland was the first in the state which maintained the principle that, an action, sounding in tort, would lie against a municipal corporation by name, for an act done within the powers granted by its charter. And this was considered by the court as an authority for the decision in the case under review.It is, however, not the only authority to be found in support of the principle.
In Thayer et al. v. The City of Boston, 19 Pick. Rep. 511, the plaintiffs declared that they had a right of way over a pub-, lie street or passage in front of their building, and that the defendants took up the pavement in front of their buildings, dug up the earth, etc., by which they were injured. In this case, the principle is settled, “ that an action sounding in tort may be maintained against a municipal corporation, and that it may be made liable in an action on the case for an act which would warrant a like action against an individual, if such act is done *232 by the authority of the corporation, or after the act done has been ratified by it.” The same court, in Stetson v. Faxon, 19 Pick. Rep. 147, makes use of this language: “ Let the city take all that is necessary, convenient and becoming this great and flourishing capital, but let compensation go hand in hand with the public benefit.” Among the cases cited by the Massachusetts court, is one from Maryland, Barnes and others v. The City of Baltimore, in which that court say, “ The defendants are trustees of public interests for their own benefit, and ought to answer as an individual to the person at whose expense they are benefited.” That a city or town should be clothed with sufficient power to accomplish all its useful and necessary objects, may be granted. It seems to be indispensable that a power should be given to it for the regulation of its streets; and in the exercise of such a power, injury to the property of individuals, amounting perhaps to a destruction of it, may become unavoidable. But when the public interest requires the sacrifice of private property, a very clear principle of justice requires also a compensation to be given for the injury.
The judgment which we are reviewing sanctions ,hat principle, and gives the compensation. It is not without support from that section in the constitution of the state, which holds private property inviolate, but subservient to the public welfare, provided compensation be made to the owner. The above section has come under the consideration of the court upon various occasions in its bearings upon the public improvements of the state; upon private companies authorized to engage in the construction of works of public interest, and upon city and town corporations. And in reference to them all, it is now maintained, that powers may be conferred upon them that are necessary to carry out the objects for which they were created; but when, in the lawful exercise of such powers, individual property must be taken, sacrificed or injured,, they will be held liable to the party injured, to make good his loss. If the act conferring the authority, provides itself the mode of rendering the satisfaction, that mode will be followed; if it points out nc *233 course of proceeding, or if the remedy so provided is denied to the injured ‘party, he may still appeal to the court and find redress. ■ It will be perceived, therefore, that the. principle established by the case under review is just; that it is in accordance with the spirit of the constitution upon the point in controversy, and with other decisions of the court, as well as with the decisions of other courts upon the same subject. For the cause which has been under consideration, therefore, it will not be reversed. The writ of error in the case was allowed solely to give an opportunity to reexamine the error which has already been considered. For none of the other causes assigned would it have been granted. One of these causes is, that the court below ruled out the contract under which McComb received his deed. The contract with the original proprietor of the lot, required the original purchaser to grade in front of it whenever directed by the proprietor. If this contract was not canceled when the deed in fee simple was executed for the lot, still the power of the town council to grade the streets could not be questioned. The original proprietor could not reserve to himself the right to fix the grade in front of his lot; nor could he enforce an agreement made with a purchaser to grade the lot, in opposition to the orders of the town council.
Another cause of error, and the only remaining one which will be specially noticed is, that the court admitted parol evidence, in the first instance, of the acts of the town council. When this evidence was offered by the plaintiff on the trial and received by the court, no proof had been given that the acts existed of record, upon the boohs of the town. To exclude the evidence in such a case, would be to presume that the defendant had kept a record of the acts, and to decide that it could be excused from liability, by neglecting to put the proof of their acts on their book of proceedings. No such inference can be drawn in favor of the defendant. To give to it the protection sought, there must be evidence before the court that the acts to be proved exist in writing upon their record. Corpora *234 tions are made liable in some cases, both upon their promises and for their acts, when there has been no record entry of either.

Judgment affirmed.